OPPENHEIMER and another *v.* CLEMMONS.

*(Circuit Court, W. D. North Carolina.* November Term, 1883.,

1. PARTNERSHIP—WHAT CONSTITUTES.
   As a general rule, participation in the profits of a business constitutes a partnership as to third persons, despite any secret agreement between the partners. To effect this result, the profits participated in must be net, and not gross. Whether, in the case at bar, gross or net profits were intended is for the jury.

2. SAME—LOSSES PROPORTIONED TO PROFITS.
   Community of profits is essential to a complete partnership. When there is no express stipulation to the contrary, it will be presumed that the losses are to be shared in proportion to the profits.

3. SAME—NOT TO BE PROVED BY DECLARATIONS.
   When the existence of a partnership is disputed, the declarations of one of the alleged firm are not admissible to bind a third person as partner.

4. OSTENSIBLE AND DORMANT PARTNERS.
   Contrasted and discussed with regard to the facts of this case.

This is a civil action to recover the price of spirituous liquors from the defendant upon the ground that he was a dormant partner of J. W. Bailey, who purchased the articles from the plaintiffs.

*Johnston Jones* and *Shuford & Johnston*, for plaintiffs.

*J. H. Merrimon*, for defendant.

DICK, J., *(charging jury.)* With the aid of the full and learned arguments of counsel, I hope that I may be able to instruct you correctly upon the questions of law involved in this action. I will, in the first place, call to your attention certain matters of fact which are admitted in the pleadings, and others about which there is no conflict in the evidence. In 1876 the defendant was the owner of a large

hotel in this city in which there was a commodious bar-room.    He rented this bar-room to J. W. Bailey for $25 per month, and he was also to receive one-half of the profits of the business.    The business was carried on in the name of J. W. Bailey, who purchased all the stock in trade, and Clemmons had no connection or control in the management of the business.    Soon after this transaction Bailey formed a copartnership with one Weddin, and this firm of Weddin & Bailey leased the hotel and agreed to receive from the defendant, Clemmons, transfers of certain mail contracts, and the use of the stage and horses which he had used in transporting the mails, and carrying freight and passengers.    They agreed to pay Clemmons as a consideration of such lease and transfers one-third of the profits realized, and Clemmons was not to be subject to any liability for damages which might result from the carrying of the mails, freight, and passengers.    It was also agreed between the parties that Weddin should share equally in the profits of the bar-room, which was still to be conducted by Bailey under his own name.    Clemmons was not an ostensible partner in the firm of Weddin & Bailey.    In April, 1882, the parties determined upon a dissolution of the partnership, in the profits of which they were equally interested.    The property was restored to Clemmons, and three arbitrators were chosen by the parties to make a settlement of the business; but no settlement was made, and no notice of any kind was given of such dissolution.    After this dissolution the bar-room was again rented to Bailey, and there is some conflict in the testimony as to the terms of this new lease. In July, 1882, Bailey purchased from the plaintiffs in Louisville, Kentucky, spirituous liquors at the price mentioned in the complaint. Bailey became insolvent and left this state in the winter of 1882, and this action is brought to recover the price of the spirituous liquors from the defendant upon the ground that he was a partner with Bailey or that, having been a partner, no notice had been given of the dissolution of the firm.

It is insisted on the part of the defendant that he never was either an ostensible or dormant partner.    That the business was carried on under the name of J. W. Bailey, and all purchases of stock in trade were made on his individual credit or with his funds, and that the profits which were to be received by the defendant were by way of compensation for the lease of the bar-room.    Partnerships are generally carried on in the names of the partners, and when only one name is used, the words "and company" are usually annexed to indicate that other persons are interested in the business.    Partnerships are sometimes carried on under the names of persons who are dead, but who, in their life-time, had established an extensive business and a high reputation for integrity and fidelity in trade.    Any name assumed and used by persons doing business together in the relation of partners, becomes a legitimate name and style of the firm, although it may not contain the individual name of any of the part-

ners.    I will not attempt to give you an accurate and comprehensive definition of a partnership, embracing all the rights, duties, and responsibilities of such a relation, as a more simple definition will be sufficient in this case.    When two or more persons employ a common stock—whether consisting of property, or mere labor and skill, in a common undertaking, with a view to a common profit—they are partners.    It is not necessary that there should be a community of interest in the property that produces the profits, or a community of losses, or an equality of profits, but a community of profits is essential to a complete partnership, and where there is no express stipulation to the contrary, the law presumes that the losses are to be shared in proportion to profits.    A nominal partner, who does not share in the profits, is not really a partner.    His liability to creditors is imposed upon him by law upon the ground of a general policy to preserve good faith and prevent frauds in business transactions.    In contemplation of law the profits of a partnership consist of the surplus realized from a business, after the debts and losses are adjusted, and this surplus is distributed in accordance with the several interests of the parties under their agreement.    One partner may expressly stipulate that he is not to share in losses, and such an agreement will be valid between the parties, but he cannot thus withdraw himself from his obligation as a partner to strangers.    As a general rule, participation in the profits of a business constitutes a partnership as to third persons, as the receiving of profits diminishes the fund upon which creditors have a right to rely for the payment of their debts.

This general rule has been materially departed from in the case of a servant or an agent who has no interest in the capital stock, and has no power or control in the general management of a business, but agrees that the amount of his compensation shall be regulated by the profits realized by his employer.    As long as the relationship of employer and employé exists, there is no partnership between them, but under some circumstances the employe may become liable to third persons.    If a merchant employs a clerk, who agrees that the amount of his compensation for services shall be fixed by an estimation of the monthly or annual earnings of the business, or the gross profits on sales, he will not be a partner, and it seems that he would be entitled to his compensation, although no net profits should be realized by his employer.    In construing contracts for services where the term "profits" is alone used as a standard for determining the amounts of compensation, I am inclined to the opinion that gross profits or earnings should be regarded as intended by the parties. Such contracts usually contemplate the payment of wages periodically during the continuance of the employment, and before the net profits are ascertained by the payment of debts and adjusting the ultimate losses.    The employe acquires no specific interest in the profits *as profits*, and is not entitled to an account to determine the

net profits of the business. Such a construction would not be unjust to creditors, as the employe by his labor contributes to the fund which is a security for the debts. If by the express terms of a contract the wages of an employe are entirely dependent upon the net profits, then he may lose his wages if there should be no net profits, but he would not be liable as a partner to creditors for the unsatisfied debts of his employer. I am inclined to think that an employe never becomes responsible for the debts incurred in the course of the business in which he is engaged unless he expressly agrees to participate in the profits and losses. By such an agreement he would place himself in the relation of a partner, and would acquire a specific interest in the profits *as profits.*

There are many nice discriminations and considerable conflicts in decided cases upon the question of how far or when a participation in profits as compensation for definite services will render an employe liable as a partner to creditors. I have briefly expressed my opinion on the subject, as the principles of law involved in such cases are applicable to an analogous case like the one which we are considering, where it is insisted that the profits to be received by the defendant were to be by way of compensation for the rent of the bar-room, and not as profits of the business carried on by Bailey. I believe that the rule is almost without exception, that every person who by definite agreement participates in the profits of a business, *as profits,* is also liable to share the incidental losses. In this case the defendant rented his bar-room for $25 per month and one-half of the profits of the bar. He furnished no part of the stock of spirituous liquors, and he had no control of the business; and it does not appear in evidence whether the profits were to be annually estimated on the sales, or to be half of the surplus after the debts and losses were discharged. To ascertain whether such profits were to be received as profits, or by way of a reasonable rent for the room, you will consider the evidence upon this point. In this connection you can consider the relation which the defendant occupied towards the firm of Weddin & Bailey, as the evidence shows that after that firm was formed the parties interested in its business agreed to share equally in the profits of the said bar-room. If you find that $25 per month was a fair rent for the bar-room, then I am of opinion that the profits to be received in addition were to be received *as profits,* and would render the defendant liable as a partner for all debts contracted by Bailey during the continuance of the partnership.

There are several kinds of partners known to the law, but it is only necessary for me to refer to two kinds in this case—ostensible and dormant partners. An ostensible partner is one who exhibits himself to the public as a person connected with a partnership and interested in the business of the firm. He is clearly liable to creditors for debts of the partnership contracted while he continues a

member, and his responsibility does not cease on the dissolution of the firm, or on his retirement, unless he gives due notice of his action. Notice in a newspaper of general circulation is sufficient as to all persons who have had no dealings with the firm, but as to previous customers there must be special notice by letter, circular, or other mode of direct communication. A dormant partner is one who is interested in the business of a firm and participates in the profits, but is not publicly known in this relation. When discovered, he is responsible for the debts contracted by the firm while he was a member, although he was not known as a partner when the debts were incurred. On his retirement his liability ceases as to debts subsequently contracted by the firm, except as to creditors who knew him to have been a member and who had no notice of his retirement. As to such persons he occupied the position of an ostensible partner, and they must have notice of his retirement, but he need not give notice to any one else.

There is no evidence to show that the defendant was publicly known as a partner in any of the transactions developed in this case. There is evidence tending to show that when the arbitrators were selected to settle the business of J. W. Bailey and of Weddin & Bailey, the defendant claimed that he was entitled to one-third of the profits arising from all the business conducted by said parties. If you find that under the lease made in 1876, and continued until April, 1882, the defendant received, or was entitled to receive, a part of the receipts from the bar-room as profits, then he was a dormant partner during that period. If his relation as dormant partner ceased in April, 1882, then he is not liable for the price of the goods purchased from the plaintiffs by Bailey in July afterwards, unless the plaintiffs in their former dealings with Bailey had acquired information as to his relation as a dormant partner in the business. If you find that the plaintiffs had such information, then they are entitled to recover in this action, as it is admitted that they had no notice of the retirement of the defendant in April.

It is further insisted that the defendant was a partner with Bailey at the time that the spirituous liquors were purchased, as Bailey then occupied the bar-room, and the defendant was to receive a part of the profits of the business. Upon this point there is some conflict in the evidence, and you must determine the matter according to the preponderance of the testimony. As the existence of this alleged partnership is in dispute, the declaration made by Bailey at the time he purchased the spirituous liquors from the plaintiffs, *that the defendant was a partner in the business,* is no evidence of the existence of a partnership. The fact of a partnership must be admitted or otherwise proved before the declarations of a person can bind other parties, and subject them to liability as partners. I have already instructed you as to what facts are necessary to be proved to con-

stitute a partnership. If you find that the defendant was a dormant partner with Bailey at the time he purchased the spiritous liquors from the plaintiffs, then they are entitled to recover in this action, and you must return a verdict for the sum claimed in their complaint.